**TOULI LA`AU FANENE and CHRISTINE KRUSE, for themselves and on behalf of the FANENE FAMILY, Plaintiffs,**

**v.**

**ALIIMAU H. SCANLAN, JR., Defendant.**

High Court of American Samoa
Land and Titles Division

LT No. 35-03

June 15, 2004

Before RICHMOND, Associate Justice, and TAPOPO, Associate Judge.

Counsel: For Plaintiffs, Robert K. Maez
For Defendant, Marie A. Lafaele

ORDER DENYING MOTION FOR SUMMARY JUDGMENT, SCHEDULING FURTHER HEARING ON DIMISSAL, AND CONTINIUING INTERIM ORDER

On June 3, 2004, the Court heard Defendant's motion to dismiss, pursuant to T.C.R.C.P. 12(b)(6), and Plaintiffs' application to hold Defendant in contempt of the Court's order of January 16, 2004, prohibiting Defendant from any further construction on the house at issue, other than to complete installation of the roof for protection

against the elements, that he has under construction on the Fanene family's communal land in the village of Nu'uuli. All parties and their counsel were present.

Testimony was taken on both matters, and an affidavit was filed in support of the dismissal motion. Therefore, in accordance with T.C.R.C.P. 12(b), we treat this motion as one for summary judgment under T.C.R.C.P. 56.

## Discussion

### I. Motion for Summary Judgment

Plaintiff Touli La'aau Fanene ("Touli") testified that, among other things, he is withdrawing as a party to this action. He and the witness Malaeoi Toasefulu Laulu are blood male *matai* Fanene family members over age 18. Plaintiff Christine Kruse ("Kruse") is a blood female Fanene family member. Her *matai* status is disputed. The Fanene *sa'o* title is vacant.

Plaintiffs seek to permanently enjoin Defendant from constructing the house and from occupying the land at issue. Under A.S.C.A. § 43.1309(b), an action for injunctive relief concerning communal land can be brought only by the family's *sa'o*, or if the *sa'o* title is vacant or the *sa'o* is incapacitated, by two blood male *matai* family members over age 18 or, if the family does not have two qualified male *matai* members, by two blood family members over age 18. Kruse is not a blood male *matai*. Therefore, in any event, the present Plaintiffs do not have authority to bring this action.

Moreover, the complaint is facially deficient in stating the substantive cause of action. The action is apparently predicated on Plaintiffs' capacity as representatives of the Fanene family's Land Council, established by the Fanene Family Agreement, dated June 29, 1998, attached to and incorporated in the complaint. Paragraph B of the Agreement expressly states that the Land Council takes on "only those responsibilities of administration and disposition of communal family lands approved by the Fanene family." The complaint fails to allege that the Fanene family has approved referral of the issue of Defendant's house on Fanene family communal land at stake to the Land Council for purposes of bringing this action or carrying on any other management responsibilities pertaining to this family land issue.

Further to the substantive aspects of any summary judgment, while Defendant believes that the evidence shows that his house project was approved according to the Fanene family's customary decision-making process for its communal land issues when the *sa'o* title is vacant, the

evidence presents a genuine contest over this material fact. This contest makes summary judgment inappropriate. This leads us, however, to remind the parties of our observation at previous hearings that the family ought to be able to solve what appears to be a straightforward and simple issue. Is the family so fractured that the members cannot amicably resolve this matter? Perhaps the explanation lies in the family members' failure to date to select the successor to hold their long-vacant *sa`o* title. The family needs to settle upon the successor. The new *sa`o* would clearly have the healing authority to bring the opposing elements of the family together again and to resolve this and other family matters.

Because of the genuine and material factual dispute over the Fanene family's immediate customary communal land decision-making authority, this action is not ripe for summary judgment. However, because of the party Plaintiffs' lack of standing to sue and the complaint's inadequate factual allegations, the action is ripe for dismissal, but without prejudice to afford opportunity to file a proper amended complaint.

A proposed amended complaint has been submitted. It appears to drop Touli as a party Plaintiff and to add, somewhat unclearly, three or four other persons besides Kruse as new party Plaintiffs. The proposed complaint apparently alleges that each of the new party Plaintiffs is acting as a Fanene Land Council representative, but it still fails to allege that the Fanene family has expressly given the responsibility for handling this family land issue to the Land Council. It also does not allege that any of the new party Plaintiffs is a Fanene family male *matai*. However, in the interest of judicial economy, we will schedule a hearing, also necessary under T.C.R.C.P. 15(a) in view of Defendant's filed answer, on whether to permit filing of either the proposed or another revised amended complaint.

## II. Contempt Application

The order of January 16, 2004, preventing Defendant's further construction of the house, except for finishing the roof, was duly made. The parties stipulated to issuance of this order. The order effectively continued the interim order to substantially the same effect, made on December 4, 2003, also upon the parties' stipulation. Defendant was personally present at both hearings and thus was well aware of the restraint in each order at all times since it was made. Defendant also had the ability to comply with the order at all times since it was made. He failed to comply with the order by not preventing his carpenter in charge of constructing the house from placing a stucco or plaster covering on the exterior concrete block walls of the house on or about April 6, 2004. The carpenter testified that he did this additional wall work to support the roof by strengthening the walls. Given the nature of April 6 work, as

described by the carpenter, we find this explanation to be ludicrous and unbelievable. The wall covering was intentionally and contemptuously done.

Accordingly, we find that Defendant was in contempt of the Court's order of January 16, 2004 when the stucco or plaster covering was added to the house walls on or about April 6, 2004.

## Order

1. Touli is withdrawn as a party Plaintiff.

2. Final ruling on Defendant's motion to dismiss this action, characterized as one for summary judgment or not, is deferred until after we hear and decide whether to permit filing of the proposed amended complaint. The hearing on filing the proposed amended complaint is scheduled for June 28, 2004.

3. Defendant is adjudged in contempt of this Court for his violation of the January 16, 2004 interim order. He shall pay a fine of $500.00 as punishment. Payment of the fine is suspended on condition that he does not further violate the interim order in any way while the order remains in effect.

4. The interim order prohibiting further construction of the house at issue remains in full force and effect while this action is pending or until further order of the Court.

It is so ordered.